IN RE: :
CHICORY DIESHAWN CALHOUN, SR, :
KEINA MURIEL CALHOUN : CHAPTER 13
    Debtors :
  :
JACK N. ZAHAROPOULOS :
    STANDING CHAPTER 13 TRUSTEE : CASE NO. 1-25-bk-03120-HWV
    Movant :
  :
CHICORY DIESHAWN CALHOUN, SR, :
KEINA MURIEL CALHOUN
    Respondents

## TRUSTEE'S AMENDED OBJECTION TO FIRST AMENDED CHAPTER 13 PLAN

AND NOW, this 31st day of March 2026, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced Debtor(s)' Plan for the following reason(s):

1. Debtor(s)' Plan violates 11 U.S.C. § 1322(a)(1) and § 1325(b) in that Debtor(s) has not submitted all or such portion of the disposable income to Trustee as required. More specifically,

    a. Trustee alleges, and therefore avers, that Debtor(s)' disposable income is greater than that of which is committed to the Plan based upon the Means Test calculation and specifically disputes the following amounts:

        i. Average gross monthly income is understated.
        ii. The household size for the means test should be two, not four.

    b. Trustee alleges, and therefore avers, that Debtor(s)' disposable income is greater than that of which is committed to the Plan based upon disposable income on Schedules I and J and specifically disputes the following amounts:

        i. Debtor #1's gross monthly income should be $6,620.00. Debtor #2's gross monthly income should be $3,864.00
        ii. Debtor #1's net monthly income should be $4,485.00. Debtor #2's net monthly income should be $2,492.00.

2. Debtor(s)' Plan violates 11 U.S.C. § 1325(b)(1) in that the Plan does not provide for the payment of all of Debtor(s)' projected disposable income for a minimum period of five (5) years.

3. Trustee provides notice to the Court as to the ineffectiveness of Debtor(s)' Chapter 13 Plan for the following reasons:

    a. Clarification of Debtor(s)' counsel fees which are in conflict with the 2016(b) Statement.

WHEREFORE, Trustee alleges and avers that Debtor(s)' Plan cannot be confirmed, and therefore Trustee prays that this Honorable Court will:

    a. Deny confirmation of Debtor(s)' Plan.
    b. Dismiss or convert Debtor(s)' case.
    c. Provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/ Douglas R Roeder
Attorney for Trustee

2

<u>CERTIFICATE OF SERVICE</u>

AND NOW, this 31st day of March 2026, I hereby certify that I have served the within Objection by electronically notifying all parties or by depositing a true and correct copy of the same in the Unites States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:


DAWN MARIE CUTAIA, ESQUIRE
FRESH START LAW, PLLC
1701 WEST MARKET STREET
YORK, PA   17404
E:dmcutaia@gmail.com


/s/Tanya M. Scannelli
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee
